THE STATE ex rel. the COLLECTOR of the CITY OF GALLATIN, Appellant, v. J. W. YOUNG.

*Division One, June 2, 1914.*

1. **DUPLICATE TAXATION: Cities.** In 1907, while a city was operating under a special charter, the city assessor on June 1 assessed defendant's personalty, and the township assessor made a like assessment of the same property. The last-mentioned assessment was duly returned to the county clerk and equalized. The city taxes were extended on the city assessor's assessment of June 1, and defendant paid them. In February, 1908, the city became a city of the fourth class, and on June 30, 1908, the mayor by authority of Sec. 9347, R. S. 1909, and an ordinance duly passed, procured from the county clerk an abstract of the assessment of all property in the city taxable for state and county purposes in 1907, and the city taxes for 1908 were levied accordingly. *Held,* that such assessment did not constitute duplicate taxation. Duplicate taxation exists only when one person or one subject of taxation is compelled to contribute directly twice to the same burden, while other subjects of taxation belonging to the same class are required to contribute but once. Here the city taxes first paid were for 1907, while the subsequent levy was for 1908, although made upon an abstract of the township assessment of June 1, 1907.

2. **CITIES: Special Charter: Change to General Class: Citizens.** The citizen of a city or village under special charter enjoys his residence subject to all the applicable laws, among which is the provision whereby such city may elect to enter the general class which its population entitles it to join, and when such city elects to enter a general class, the citizen must abide by the statutes regulating the assessment and collection of the city revenue.

3. **PLEADING ORDINANCES.** A city ordinance need not be set out in full, but may be pleaded by reference to its number and to the date of its passage and by a disclosure of its character for the purposes of the case.

Appeal from Daviess Circuit Court.—*Hon. Arch B. Davis*, Judge.

REVERSED AND REMANDED.

*J. A. Selby* and *Virgil Yates* for appellant.

*S. W. Brandom* for respondent.

BLAIR, C.—This is a suit for city taxes. The circuit court sustained a general demurrer to the petition and plaintiff appealed.

. The pleaded facts pertinent to the questions presented here are that in 1907 and 1908 defendant was a citizen and resident of the city of Gallatin; that in 1907 Gallatin was operating under a special charter, and June 1st that year the city assessor duly assessed defendant's personalty for taxation as of the value of $6155, and the township assessor, on the same date, made a like assessment of the same property, and this last assessment was duly returned, with all other assessed property of the township, to the county clerk of Daviess county and duly equalized and adjusted by the county board of equalization, as the law provides; that the city taxes for 1907 were extended on the assessment made by the *city assessor* as of June 1, 1907; and defendant, in the same year, paid the city taxes for 1907 so extended against his personalty; that in February, 1908, the city of Gallatin became a city of the fourth class by virtue of lawful procedure under the general statutory provisions governing such action but did not elect a city assessor or make provision for one; that on June 30, 1908, the mayor, pursuant to the statute (Sec. 9347, R. S. 1909) and an ordinance duly passed, procured from the county clerk of Daviess county, in which county Gallatin is situate, an abstract of the assessment of all property in the city taxable for State and county purposes, including the property of

defendant; "that pursuant to law and the provisions of ordinance No. 8 of said city, duly passed and approved by the mayor thereof on July 16, 1908, the board of aldermen of said city, on the 20th day of July, 1908, by ordinance No. 9 of said city, duly passed by them and approved by the mayor thereof on that date, levied" the city taxes for 1908 on the property included in the abstract mentioned and according to the valuations therein set forth.

Other facts are alleged in the petition and those referred to are more particularly stated therein, but those set out sufficiently present the questions decisive of the case.

Respondent's position is that the petition discloses a case of duplicate taxation and that the ordinances are insufficiently pleaded.

Appellant contends the petition is open to neither of these objections.

I.   Do the facts stated present a case of duplicate taxation obnoxious to the constitutional provisions requiring equality and uniformity in taxation?

Duplicate
Taxation.

"By duplicate taxation in this sense is understood *the requirement that one person or any one subject of taxation shall directly contribute twice to the same burden, while other subjects of taxation belonging to the same class are required to contribute but once.*"   [1 Cooley on Taxation (3 Ed.), p. 394.]

In this case the city assessor and township assessor made their assessments *in 1907* at the same time and assessed the same property, affixing identical valuations; but the taxes extended upon the city assessor's assessment were the city taxes *for the year 1907*, while the taxes extended on the abstract procured June 30, 1908, were the city taxes *for the year 1908*.   The taxes were, therefore, extended for two entirely different years and in no sense can it be said the defendant or

his property was made to "*directly contribute twice to the same burden.*" The levy in 1907 for the taxes of 1907 was satisfied when defendant paid his taxes in 1907. The levy in 1908, though made upon an abstract of the township assessor's assessment relating to the date June 1, 1907, was *for the taxes of 1908.* The abstract of assessment was used in 1908 because the statute provided it should be used in circumstances like those stated, and the levy in 1908 did not relate to the date of the township assessor's assessment but liability thereunder began with the levy on July 20, 1908. [City of Westport ex rel. v. McGee, 128 Mo. l. c. 157, 158.] It follows that no duplicate taxation in any constitutionally objectionable sense appears from the facts alleged, the levies being for two entirely different years.

II.  Defendant was a resident of Gallatin both in 1907 and 1908.  Had Gallatin been a city of the fourth class in 1907 as well as 1908, the right **Cities: Special Charter: Change to Class.** of the city to follow the statute and levy city taxes for 1908 on the abstract of the assessment made by the township assessor in 1907 is not questioned.  The facts that Gallatin was acting under a special charter in 1907 and became a city of the fourth class in February, 1908,  do not make any material difference. It was a city during both years and preserved its character and jurisdiction as such despite the change in some of the forms of its government.  [Sec. 9300, R. S. 1909.]  What might be the result if defendant had not continued to reside in Gallatin in 1908 need not be discussed since he did continue to reside there.

Neither does it make any difference whether the levy for 1907 on the city assessment for that year was valid or invalid.  The single question here is as to the validity of the levy for 1908.  The cases cited by respondent are those stating generally the rule pro-

hibiting duplicate taxation and are not in conflict with what has been said. The conclusion reached is, in effect, that the citizen of a city or village under special charter enjoys his residence in such city subject to all the applicable laws, among which is the provision whereby such city may elect to enter the general class which its population entitles it to join; that when such a city elects to become a member of one of the general classes, the citizen must abide by the statutes regulating the assessment and collection of the city revenue. His very citizenship amounts to an implied agreement that he will abide such changes in the city government as the law provides and the majority may make.

III. It is said the ordinances relied on by appellant are not properly pleaded. The ordinances referred to in the petition are referred

Pleading Ordinances.

to as the source of power exercised by certain of the city officials or as the method employed by the council to perform certain of its duties relating to the levy of taxes. The petition sufficiently states their existence and, by necessary inference, at least, discloses their character for the purposes of the case.

. Even in an indictment it is not necessary to plead pertinent ordinances in full. [State v. Dineen, 203 Mo. l. c. 634.]

The judgment of the circuit court is reversed and the cause remanded. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.